FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 JUN -2 PM 1:23

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| Sharon Flack & George Flack,<br>    Plaintiff(s); | )<br>)<br>) | |
| -vs.- | )<br>) | No. CV 95-P-2313-S |
| Whitmire Research Laboratories, Inc.,<br>    Defendant(s). | )<br>)<br>) | |

ENTERED

JUN 0 3 1997

## OPINION

For following reasons, the Defendant's Motion for Summary Judgment as to Sharon and George Flack's claims is hereby GRANTED.

### Facts

The facts of this case are undisputed.[1] Since 1981, the Plaintiff Sharon Flack ("Flack") has been employed in the home pest control industry. She was first employed by Home Pest Control and later by Cooks Pest Control, who acquired Home Pest Control. She regularly used pesticides when she serviced her customers' homes and she was aware that she should be careful when applying the pesticides. She was also aware that she should avoid ingesting the pesticides. She routinely used spray applicators to distribute the pesticide along baseboard and around appliances and sinks.

The Defendant Whitmire Laboratories ("Whitmire") produced a pesticide named PT279-Engage ("Engage"). Flack began using the product on the job in 1993. The pesticide was packaged in an aerosol can and a clear tube was shipped with the can. The tube attached to the

---

1. In their brief, the Plaintiffs state that the facts and circumstances are not in dispute.

14

button at the top of the can so that the chemical could be directed into small cracks and crevices. The label on the can warned against swallowing the chemical and allowing the skin or eyes to come into contact with the chemical. The label also stated a warning that the chemical could be hazardous to humans and animals. Flack recalled reading all of these warnings.

On September 17, 1993, Flack was applying Engage in a customer's home. After applying the chemical upstairs, she went into the basement and began spraying the chemical under the sink of a bathroom. Flack thought she saw a roach and shined her flashlight, which was held in her left hand, into the space between the sink and the wall. She held the can of Engage in her right hand. When she leaned over to look into the space, her right hand came up and she failed to notice the applicator tube on the can. The tube became wedged in her nose. At the time the tube came into contact with her nose, Flack pushed the trigger down. The chemical sprayed into her nose. Prior to the accident, Flack had used Engage approximately ten times without any incident. Flack had never had another accident of this type and is unaware of this kind of accident happening to anyone else.

Flack filed a lawsuit against Whitmire generally claiming negligent design, negligent manufacture, negligent warning and a failure to warn. George Flack, her husband, has alleged loss of comfort and society. According to the Plaintiffs' brief, the plaintiffs are not alleging that the pesticide was defective but rather that the mechanical distribution system was defectively designed and manufactured. The Plaintiffs' brief concentrates on the design of the tube and the application button.

## Analysis[2]

In order to prevail on a claim for negligent or defective design under Alabama law, a plaintiff must establish that a safer alternative was available. *Richards v. Michelin Tire Corp.*, 21 F.3d 1048 (11th Cir. 1994). The existence of the safer alternative must be established by showing (1) the plaintiff's injuries would have been eliminated or reduced by the alternative design and (2) the utility of an alternative design outweighed the utility of the design actually used taking into consideration such factors as the intended use of the [product], the obviousness of the defect. *Beech v. Outboard Marine Corp.*, 584. So. 2d 447, 450 (Ala. 1991). The thrust of Flack's claims are that the applicator tube should have been a florescent color rather than clear, that tactile information should have been provided on the button, and that the button should have been designed to prevent accidental depression. Flack has introduced an affidavit from by John E. Sims, her expert witness, which simply states that, in his opinion, the tube should have been a brighter color, that the button should have tactile information as to the direction the button was pointing, and that button should have been protected from accidental discharge.

Whitmire argues that Flack has failed to produce sufficient evidence that a tube of a different color would have eliminated or reduced her injury. From the evidence submitted, the court agrees with Whitmire that Flack has failed to establish that a tube of a different color would have reduced or eliminated her injury. Flack stated in her deposition that she was looking somewhere else and did not notice where the tube was. Flack was bent over looking for the

---

2. Because the Plaintiffs' brief argues against summary judgment only on the claims of regarding the design of the spray button and the tube, the court assumes that the Plaintiffs are not opposing summary judgment on the other claims contained in their complaint including claims of negligent warning or failure to warn, any claims for negligent manufacture and claims under the Alabama Extended Manufacturers' Liability Act. The Defendant has produced sufficient and uncontested evidence that genuine issues of material fact are not present as to these claims.

3

cockroach. She describes herself being "blind-sided" by the can. She was clearly not looking at the can. While Flack argues that a florescent tube would generally have been more visible, she has the burden of establishing that the design change would have eliminated or reduced **her** injury rather than make some general argument about bright colors being more visible. Flack has failed to produce substantial evidence of this element of negligent or defective design.

Whitmire also argues that Flack has failed to produce sufficient evidence that a differently designed spray button would have eliminated or reduced her injury. The court agrees with Whitmire. Flack again generally argues that tactile information should have been provided and that some type of safety cap would have been a better design so that the button could not have been inadvertently or accidentally depressed. While there is some contradictory evidence about whether or not Flack depressed the button, she does admit that she had her finger on the button when it discharged. In her deposition taken for her worker's compensation claim, she stated that she pushed the button down. At the deposition taken for this case, she was equivocal about how the button was depressed. At both depositions, she admitted that her finger was on the button. It does not appear from the evidence presented or the argument made by Flack that the can spontaneously discharged. The affidavit from Flack's expert witness states that tactile information or a differently designed top would have made the button safer. However, Flack fails to produce sufficient evidence of how a differently designed button either with tactile information or some other type of design of the button would have reduced or eliminated **her** specific injury. Flack has failed to present sufficient evidence on this element of her claim of negligent or defective design.

4

### Conclusion

Because Sharon Flack has failed to produce substantial evidence on the elements of her claims, Whitmire Laboratory's Motion for Summary Judgment is due to be GRANTED. Because George Flack's claims are derivative of Sharon Flack's claims, summary judgment is due to be granted as to his claims.

Dated: June 2, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
Mr. William R. Lewis
Mr. James A. Harris, III
Mr. Thomas W. Christian
Mr. Robert E. Cooper
Mr. Charles H. Clark, Jr.